AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Filed 6/10/10

UNITED STATES OF AMERICA

vs.

EDUARDO DOZZI BARBUGLI

**CRIMINAL COMPLAINT**

CASE NUMBER: 6:10-mj- 1184

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 2, 2008, and on or about April 1, 2009, in Orange County, Florida, in the Middle District of Florida, defendant did commit fraud and misuse of visas, permits, and other documents, in violation of Title 18, United States Code, Section 1546. I further state that I am a Senior Special Agent with U.S. Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

_____
Signature of Complainant
SSA Brian Devine
U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

June 10, 2010                                   at      Orlando, Florida

KARLA R. SPAULDING
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

State of Florida  Case No. 6:10-mj- 1184
County of Orange

## AFFIDAVIT

I, Brian D. Devine, being duly sworn state the following:

### INTRODUCTION

1. I have been employed by the Department of Homeland Security, Immigration and Customs Enforcement (ICE), since its inception in March 2003. I became a Border Patrol Agent for the Immigration and Naturalization Service (INS) on July 12, 1999, and later became a Special Agent with the INS on November 17, 2002. I am currently a Senior Special Agent assigned to the ICE, Office of Investigations in Orlando, Florida, and have been so employed since its inception.

2. This affidavit is made in support of a complaint charging **EDUARDO E. BARBUGLI** (E. BARBUGLI) with a violation of Title 18, United States Code, Section 1546 (fraud and misuse of visas, permits and other documents). **E. BARBUGLI** is a citizen and national of Brazil born on \*\*/\*\*/1979. On March 23, 2010, **E. BARBUGLI** was ordered removed from the United States by an Immigration Judge for being illegally present in the United States. E. BARBUGLI was assigned alien number A\*\*\* -\*\*\*- 145.

3. I have personally assisted in the development of this investigation, which is the subject of this affidavit. Therefore, I am familiar with the facts and circumstances outlined below. The facts and information contained in this affidavit are based upon my personal knowledge derived from my overall participation in this investigation, details that have been relayed by various agencies, reviews of documents and computer records related to this investigation, communications with others who have personal

knowledge of the events and circumstances described herein (including participants), and information gained through my training and experience and the training and experience of others.

4. In addition, I make this affidavit based upon information from visa petitions received by your affiant from U.S. Citizenship and Immigration Services (CIS), information and labor applications received from Department of Labor (DOL), visa information and petitions received from Department of State, Diplomatic Security Service (DOS/DSS), information obtained through confidential informants, information received through other various databases, information found on the World Wide Web and information and documentation received as a result of a federal search and seizure warrant executed at the business office of VR SERVICES,[1] a conglomerate that is comprised of eleven smaller "shell" subsidiary companies, which exist in support and furtherance of the overall conglomerate. VR SERVICES is located at 7536 Universal Boulevard, Orlando, Florida 32819.

5. In this affidavit, I have set forth only the facts I believe necessary to establish probable cause to show violations of Title 18, United States Code, Section 1546 (fraud and misuse of visas, permits and other documents). Upon belief of your affiant, E. BARBUGLI did knowingly and willfully make a false statement on an application, petition, affidavit, or other documents required by CIS, with respect to a material fact on CIS Form I-129, Petition for Nonimmigrant Worker, in violation of Title 18, United States Code, Section 1546(a).

---

[1] "VR SERVICES" includes the following subsidiary companies: 1) VR High Quality Corporation; 2) EPCO People Employment Corporation; 3) Travel Work Study Overseas, Inc.; 4) Fourth Millennium Corporation; 5) CD Quality Service Corporation; 6) RV Quality Services, Inc.; 7) WB Improvements, Inc.; 8) Crystal Diamond, Inc.; 9) Very Reliable Services, Inc.; 10) MLE Management Services, Inc.; and 11) Ocean Star Services Corporation.

## OVERVIEW

6. Under the laws and regulations of the United States, foreign nationals are not permitted to lawfully work in the United States unless they obtain prior employment authorization from the United States Government. One lawful means by which foreign nationals can obtain employment authorization is through a nonimmigrant employment visa known as an H-2B visa.

7. An H-2B visa is a nonimmigrant visa granted to foreign nationals who seek to work in the United States on a temporary basis. The H-2B nonimmigrant visa program permits employers to hire foreign workers to work in the United States to perform temporary nonagricultural services or labor on a one-time, seasonal, peak-load, or intermittent basis. The job must be temporary in nature (for one year or less). The employer's need cannot be ongoing or continuous. Before filling the position with temporary foreign labor, the employer must first seek to hire qualified United States citizens.

8. An employer seeking to obtain H-2B visas for foreign nationals that they will employ is required to file a CIS form I-129, Petition for Non-Immigrant Worker. In the I-129 petition, the prospective employer represents that there is a specific job ready to be filled by the foreign labor, it specifies the exact location where the prospective H-2B visa holders will work, and describes the nature, terms, and requirements of the job. The prospective employer must complete the I-129 petition and sign under penalty of perjury, stating that the petition and the evidence submitted with it is all true and correct.

9. An employer may seek to obtain H-2B renewal visas for prospective employees who are already in the United States as H-2B visa holders but who work for

a different company.  In this case, the employer must show that they are a different company than the original petitioning company, as continuous employment is a disqualifying factor unless there is a change of location.  A company filing more than one I-129 petition with CIS that would overlap an existing petition would generally not be approved for the same geographical location.

10.  An H-2B, nonimmigrant alien, is an alien that can enter and/or remain in the United States for a temporary period of time and is restricted to the activities consistent with the conditions of their visa or petition.

## FACTS SUPPORTING PROBABLE CAUSE

11.  Fourth Millennium Corporation (**FOURTH MILLENNIUM**) is one of the "shell" companies that comprise the VR SERVICES conglomerate.  **FOURTH MILLENNIUM** was a labor staffing company that supplied contract labor to hotels and various other service industry businesses.  **E. BARBUGLI** was the President and acting Director of **FOURTH MILLENNIUM** until it was voluntarily dissolved in the state of Florida in April 2009.

12.  On or about October 2, 2008, an ETA-750 application (case number C-0830140363) was submitted to DOL by **E. BARBUGLI** (through **FOURTH MILLENNIUM**) requesting certification for 150 room attendant positions.

13.  Section 24 of the ETA-750 application (case number C-0830140363) contains the signature of **E. BARBUGLI** who signed under penalty of perjury that the ETA Application is true and correct.  The ETA Application also included a declaration stating the specific worksite locations where the prospective aliens would be employed. Additionally, **E. BARBUGLI**, as the employer, further attested that the job opportunity

was open to any qualified United States worker.  **E. BARBUGLI** is the authorized signatory for **FOURTH MILLENNIUM**.

14. Submitted as part of the ETA-750 Application were two Staffing Service Agreements for contract labor. The first service contract stated that there was an agreement made between **FOURTH MILLENNIUM** ( as the "Contractor") and Orlando Vista Hotel (as the "Customer"), located at 12490 Apopka Vineland Road, Orlando, Florida. This service agreement indicated that the Orlando Vista Hotel had a specific need for the temporary employees listed in the contract and that the hotel would use employees provided by **FOURTH MILLENNIUM** to fill the positions. This document was signed by **E. BARBUGLI**, Director of **FOURTH MILLENNIUM** and the General Manager of the Orlando Vista Hotel. The second service agreement was between **FOURTH MILLENNIUM** (as the "Contractor") and the Point Orlando Resort (as the "Customer"), located at 6039 Carrier Drive, Orlando, Florida. The service agreement stated that the "Customer" desired to engage "Contractor" to provide cleaning services and/or housekeeping services to be performed at the Point Orlando Resort. This service agreement indicated that the Point Orlando Resort had a specific need for the temporary employees listed in the contract and that the hotel would use employees provided by **FOURTH MILLENNIUM** to fill the positions. This document was signed by **E. BARBUGLI**, Director of Operations, **FOURTH MILLENNIUM** and the General Manager of the Point Orlando Resort.

15. On November 25, 2008, based on the ETA Application and supporting documentation provided by **FOURTH MILLENNIUM**, DOL certified **FOURTH MILLENNIUM** for 150 room attendants for the temporary period of December 1, 2008,

through August 31, 2009.

16. On April 1, 2009, CIS received an I-129 petition from **FOURTH MILLENNIUM** requesting the approval of 52 H-2B workers utilizing the above-referenced certified ETA Application. This I-129 petition was mailed to CIS by **FOURTH MILLENNIUM** and was assigned file number EAC0913753364 by CIS.

17. Contained within EAC0913753364, it was falsely represented by **E. BARBUGLI** that this was a "Change of Employer" petition indicating that the prospective H-2B workers would be working at either the Orlando Vista Hotel or the Point Orlando Resort in Orlando, Florida. The Form I-129 was signed by **E. BARBUGLI** stating under penalty of perjury that everything contained within the petition was true and correct.

18. The I-129 petition was approved by CIS on April 15, 2009, for 52 H-2B workers and was valid through August 31, 2009.

19. On January 21, 2010, DOS/DSS Special Agent Baldwin and DOL Special Agent Passero (SA) conducted an interview of the Housekeeping Manager for the Point Orlando Resort in Orlando, Florida regarding VR SERVICES' involvement with a staffing service agreement between their hotel and **FOURTH MILLENNIUM**. The Guest Services Manager and the General Manager for the Point Orlando Resort were present at this interview. The Housekeeping Manager stated that she knows VR SERVICES as **FOURTH MILLENNIUM**.

20. SA Passero showed the Housekeeping Manager a purported staffing service agreement dated October 1, 2008, between **FOURTH MILLENNIUM** and the Point Orlando Resort. This is the service contract that was submitted by **E. BARBUGLI**

6

in support of the aforementioned ETA-750 (case number C-0830140363) and CIS file EAC0913753364. This agreement showed that **FOURTH MILLENNIUM** would provide housekeeper employees to the Point Orlando Resort for the period of December 1, 2008, through August 31, 2009. The contract contained the signature of **E. BARBUGLI**, Director of Operations, **FOURTH MILLENNIUM** and the General Manager of the Point Orlando Resort.

21. The Housekeeping Manager reviewed the contract and stated that the contract is not legitimate. She explained that the manager who had signed the contract left the Point Orlando Resort on February 16, 2008, which was prior to the date of the contract.

22. With regard to the signature of **E. BARBUGLI** on the staffing service agreement, the Housekeeping Manager stated that she knows "Eduardo" as her point of contact for **FOURTH MILLENNIUM**. She further explained that since February 2008 (the date she began employment with the Point Orlando Resort), the resort has only had a contract with **FOURTH MILLENNIUM** to provide housekeeping services. She explained that during the peak season for the resort (January through April), the Point Orlando Resort would need a maximum of twenty housekeepers. During the off-season, the hotel would only need five to eight housekeepers.

23. SA Passero informed the Housekeeping Manager that this contract was used to support the approval of 52 H-2B work visas. The housekeeping manager confirmed the following: 1) **FOURTH MILLENNIUM** does not have the authority to file for H-2B workers on behalf of the Point Orlando Resort; and 2) the Point Orlando Resort had never agreed to hire (nor needed) 52 full time housekeepers.

24. Additionally, your affiant conducted a review of ETA applications and H-2B visa petitions filed by VR SERVICES' other "shell" companies. During this review, it was discovered that the same hotel contracts used to support the afore-mentioned **FOURTH MILLENNIUM's** ETA application were also used by WB Improvements, Inc. (another "shell" company of VR SERVICES) in support of an ETA application requesting the approval of 85 foreign workers. The time frames on the contracts submitted by both **FOURTH MILLENNIUM** and WB Improvements, Inc. overlap, indicating that the Orlando Vista Hotel and the Point Orlando Resort required temporary contract labor from both **FOURTH MILLENNIUM** and WB Improvements, Inc. from the time period of December 1, 2008, through May 20, 2009, for a total of 235 workers. As previously indicated, this was not the case. Both of these submissions to DOL and CIS were fraudulent.

25. Your affiant then conducted a review of the I-129 petition contained within EAC0913753364. On this petition, **E. BARBUGLI** claimed that the petition was for a "Change of Employer" for each of the prospective beneficiaries to work for **FOURTH MILLENNIUM**. Upon review, however, it was discovered that 48 of the 52 prospective beneficiaries were prior beneficiaries of petitions by **FOURTH MILLENNIUM, WB** Improvements, Inc. or MLE Management and were also currently employed by one of those companies. Based on interviews of cooperating sources, as well as documents recovered pursuant to a federal search warrant executed at VR SERVICES' office, it was verified that all of the aforementioned companies are actually one-in-the same and are part of the conglomerate known as VR SERVICES. As a result, it was falsely represented by **E. BARBUGLI** that **FOURTH MILLENNIUM** was a "New Employer".

26.  In August 2009, your affiant met with a cooperating source of information (CS-2), who wanted to provide the government information regarding VR SERVICES and subsequently **FOURTH MILLENNIUM**.  CS-2 is a citizen and national of the Philippines who entered the United States in 2007 as an H-2B visa holder based on a petition filed by a company other than VR SERVICES.  After CS-2's initial entry, s/he was employed by VR SERVICES and s/he utilized the conglomerate to renew his/her H-2B visa(s).  VR SERVICES subsequently petitioned for CS-2 on four H-2B "Change of Employer" petitions utilizing the following "shell" companies under their control and management: WB Improvements, **FOURTH MILLENNIUM** (under the aforementioned petition), MLE Management, and CD Quality Service Corporation.

27.  On April 23, 2009, CS-2 went to VR SERVICES to be placed on a new H-2B visa petition. Through checks of ICE indices, your affiant verified that the approved I-129 petition containing CS-2 as an H-2B beneficiary was EAC0913753364 and was supported by the aforementioned certified ETA Application (case number C-0830140363) for 150 room attendants employed by **FOURTH MILLENNIUM** to work at either the Orlando Vista Hotel or the Point Orlando Resort.

28.  CS-2 stated that when s/he went to VR SERVICES office to be placed on the new visa, s/he paid approximately $250 for the visa and provided your affiant with a receipt s/he received from VR SERVICES showing proof of payment which stated "for 4th Millennium".

29.  CS-2 confirmed that **FOURTH MILLENNIUM** is the same company as WB Improvements, Inc. and MLE Management (his/her previous H-2B employers) as well as CD Quality Service Corporation, Very Reliable Services, Inc., Crystal Diamond, Inc.

9

and Ocean Star Services Corporation. CS-2 explained that: 1) his/her employment did not change once s/he received a renewed H-2B visa under the "new employer" name **FOURTH MILLENNIUM**; and 2) during the validity period of the visa, s/he did not work (nor has s/he ever worked) at the Orlando Vista Hotel or the Point Orlando Resort, which are the worksites certified by DOL on the ETA application and also stated on the I-129 visa petition. CS-2 stated that during the validity period of the **FOURTH MILLENNIUM** H-2B visa, s/he worked at the Westin Imagine Hotel.

30. Additionally, CS-2 provided your affiant with copies of his/her paychecks from April 2009 through August 2009, the time period when s/he was on the **FOURTH MILLENNIUM** H-2B visa. CS-2 stated that s/he would pick up these checks on a weekly basis from the offices of VR SERVICES. After reviewing CS-2's checks, it was verified that during this time frame CS-2 was not once paid by **FOURTH MILLENNIUM**. Rather, CS-2 was paid by two of VR SERVICES' other "shell" companies (Crystal Diamond, Inc. and Ocean Star Services Corporation).

31. Based upon the above-stated facts, your affiant believes that there is probable cause to believe that **E. BARBUGLI** has committed a violation of Title 18, United States Code, Section 1546 (Fraud and Misuse of Visas, Permits and Other Documents).

Further, your affiant sayeth naught.

_____
Senior Special Agent Brian Devine
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 10th day of June, 2010.

_____
Hon. Karla R. Spaulding
United States Magistrate Judge

11